A. & J. CIANCIULLI, INC., Respondent, v. PAUL J. O'BRIEN, Defendant, and KURT HERRMANN, Appellant.— In an action establishing a mechanic's lien of a subcontractor, judgment of foreclosure was directed in favor of plaintiff. Judgment and order denying appellant's motion to strike costs and disbursements from the judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

SAMUEL ETTINGER, Respondent, v. MARY ETTINGER and SALLY EDELSTEIN, Appellants.— Appeal by the defendants from an order granting the plaintiff an examination of the defendants before trial. Order modified as follows: By striking out items 3 and 4 and inserting a new item numbered 2, reading, "Whether the plaintiff pursuant to said agreement did from time to time turn over any sums to defendant Mary Ettinger." By striking from item 7 the word "such" and substituting the word "any." By striking from item 8 the word "various" and substituting the word "any." By striking out item 11. As to items 1, 2, 5 and 9 the examination is limited to defendant Mary Ettinger. As so modified, the order is affirmed, without costs, the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

HARBOUR POINT ASSOCIATION, Appellant, v. EDWARD C. OELSNER and SEACROFT CORPORATION, Respondents.— In an action for an injunction restraining defendants from interfering with plaintiff's easement in and to roads and drives as delineated on a development map, judgment for defendants unanimously affirmed, without costs. Although the proof was imperfectly presented, there is sufficient in this record from which it appears that the predecessors in interest of defendants acquired title to the bed of the roads which are alleged to have been blocked off, subject only to easements of other lot owners, which deeds were made on or about July 21, 1926, and prior to the conveyance to plaintiff. The subsequent conveyance to plaintiff, therefore, could not create an easement of ingress and egress over the roads unless plaintiff was a lot owner as contemplated in the original deeds. Clearly, the plaintiff has no such status. The properties conveyed to it were not lots, but simply adjuncts or appurtenances which were to be made available to lot owners generally, and its deed specifically excludes lots as property within the conveyance. As owner of such property, therefore, plaintiff has no standing to enforce the easements created in favor of the lot owners. Findings of fact and conclusions of law inconsistent with or immaterial in the light of the foregoing are reversed, and new findings and conclusions will be made. Present — Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ. Settle order on notice.